**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LARRY PARKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CV-0550-CVE-FHM |
| ) | |
| **TOWN OF CHELSEA, KENNY WEAST,** ) | |
| **CHARLES BARNES, HOWARD DRAKE** ) | |
| **and REBECCA MURATET,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Second Motion to File Amended Complaint (Dkt. # 35), which seeks to delete a public policy violation claim and add a liberty interest claim. Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Social and Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962); 6 Charles Alan Wright, et al., Federal Practice and Procedure §§ 1473, 1483 (2d ed.1990)). However, a judge may deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998) (citations omitted). Defendants argue that plaintiff's motion should be denied because it is untimely, prejudicial to defendants, and futile.

Plaintiff has caused a delay by filing this motion out of time. Plaintiff submitted an earlier motion to file an amended complaint (Dkt. # 30) but failed to attach the proposed amended complaint. Accordingly, the Court entered an order (Dkt. # 33) requiring plaintiff to file a proper motion no later than May 19, 2006. According to plaintiff's counsel, he filed the second motion on May 25, 2006 because he never received the Court's order (Dkt. # 33) and did not learn of the deadline until May 23, 2006 when the Court entered a minute order denying plaintiff's first motion to amend. Plaintiff's counsel speculates that a new legal secretary may have accidentally deleted the order. Dkt. # 36, at 2. There is no evidence that plaintiff's delay was in bad faith. The delay caused by plaintiff's out of time filing is excusable for good cause.

Defendants argue that they will be prejudiced by virtue of allowance of the amendment. Dkt. # 39. Namely, defendants allege that it is unreasonable to allow plaintiff the opportunity to depose individual defendants and witnesses a second time. Plaintiff argues that defendants willfully concealed the facts surrounding plaintiff's termination and that, prior to the initial depositions, he was unaware of the facts underlying his proposed liberty claim. Plaintiff also asserts that the jury trial date of October 16, 2006 need not be postponed on account of his proposed amended complaint. Given the liberal standard for amendment under Rule 15, the Court finds that defendants will not be subject to undue prejudice by virtue of allowance of the amendment.

Finally, defendants argue that plaintiff's proposed liberty interest claim is futile. The issue of futility turns on whether the amended complaint can withstand a motion to dismiss or fails to state a claim. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992); Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir. 1990). A motion to dismiss is properly granted when it appears beyond doubt that a plaintiff could prove no set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). For purposes of making this determination, a court must "accept all the well-

pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Calderon, 181 F.3d at 1183.  In order to succeed in his proposed liberty interest claim, plaintiff must show how defendants infringed his liberty interest.  Lighton v. University of Utah, 209 F.3d 1213, 1223 (10th Cir. 2000).  Plaintiff must show: that defendants' statements impugned his "good name, reputation, honor or integrity"; that the statements were false; that the statements were made in the course of plaintiff's termination or foreclosed other employment opportunities; and that the statements were published.  Id.  The proposed amended complaint alleges all elements of a liberty claim.  The Court cannot find that it appears beyond doubt that plaintiff could prove no set of facts entitling him to the relief requested in the amended complaint.  Thus, it is appropriate to permit this claim to be decided on the merits.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to File Amended Complaint (Dkt. # 35) is **granted**.  **Plaintiff shall file the Amended Complaint by June 20, 2006.**

**DATED** this 14th day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT