UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-0550-CVE-FHM |
| ) | |
| TOWN OF CHELSEA, KENNY WEAST, ) | |
| CHARLES BARNES, HOWARD DRAKE ) | |
| and REBECCA MURATET, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion in Limine (Dkt. # 107). Defendant Town of Chelsea moves to exclude or to limit testimony, argument, and evidence concerning certain matters during jury selection and trial. Defendant seeks to exclude portions of plaintiff's exhibit 5 and evidence pertaining to emotional distress, wrongful termination, and any and all finally adjudicated claims. The Court notes at the outset that this Opinion and Order contains preliminary rulings, and in no way restricts the Court's ability during trial to modify its rulings according to the evidence presented.

Four of the Federal Rules of Evidence guide the Court's inquiry. The Federal Rules provide that "[a]ll relevant evidence is admissible, except as otherwise provided," and that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. The Federal Rules define "relevant evidence," as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that may be unduly prejudicial, confuse the issues, mislead the jury,

cause undue delay, waste time, or consist of cumulative information may be excluded. Fed. R. Evid. 403. Further, evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

Defendant asserts essentially four grounds for its motion. First, defendant argues that the second paragraph of plaintiff's exhibit 5, his grievance letter submitted to the Chelsea Board of Trustees, is inadmissible. Defendant argues that this paragraph is totally irrelevant under Rules 401 and 402, attempts to present evidence of "other bad acts" in violation of Rule 404(b), and has a prejudicial effect on defendant that is outweighed by any probative value under Rule 403. Dkt. # 107, at 1-2. The Court finds that plaintiff's exhibit 5 is admissible in its entirety pursuant to the Tenth Circuit's opinion, Parker v. Town of Chelsea, No. 06-5218, 2008 WL 1815728, at *1 (10th Cir. Apr. 23, 2008) (unpublished decision)[1]. The letter is directly relevant to plaintiff's stated reason for why he sought the grievance procedure contained in defendant's Employee Handbook. However, testimony, evidence, and argument relating to plaintiff's on-the-job injury, workers' compensation proceedings, or amount of workers' compensation paid are irrelevant, prejudicial, and not admissible.

Second, defendant argues that evidence of and testimony about plaintiff's purported emotional distress should be excluded under Rules 401–404. Dkt. # 107, at 2. According to defendant, emotional distress damages are not recoverable in this implied breach of contract action. Id. The Court agrees. Contract damages obviously do not include tort damages for emotional distress, and plaintiff has submitted no case law to the contrary.

---

[1] The Tenth Circuit noted that its opinion "is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel." Id. at *4.

2

Third, defendant argues that law of the case bars plaintiff from introducing evidence pertaining to two claims no longer part of this action, namely, the protected interest claim and the liberty interest claim. Dkt. #107, at 3. Defendant argues that plaintiff cannot present evidence, testimony, or arguments that his termination was wrongful or that defendant published false statements about him in the course of his termination. Id. According to defendant, this evidence relates only to these finally adjudicated claims, which are totally irrelevant to the remaining issues. See id. Defendant further argues that such evidence will cause confusion and unduly prejudice defendant. Id. The Court finds that the narrow issues on remand mandate exclusion of all evidence, testimony, and arguments not related to plaintiff's implied breach of contract claim.[2] Therefore, evidence, testimony, and arguments relating to plaintiff's protected interest and liberty interest claims are excluded under Rules 401–403. Plaintiff, likewise, may not present evidence, testimony, or arguments that his termination was wrongful, which has no bearing on the issue of whether plaintiff had an implied contractual right to the grievance procedure in defendant's Employee Handbook.

Fourth, defendant asserts that evidence relating exclusively to finally adjudicated claims should be excluded. Id. at 4. Defendant contends that this evidence is neither factually nor legally relevant under Rules 401–404. Id. While defendant's argument is abstract, the Court agrees that the Federal Rules exclude all evidence relating exclusively to any claim on which the Court has granted summary judgment.

---

[2] The Tenth Circuit remanded the case to this Court for resolution of two issues only: "whether an implied contractual right existed to the use of the grievance procedure, and whether the Town is liable for its failure to follow that grievance procedure." Parker, 2008 WL 1815728, at *4.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine (Dkt. # 107) is hereby **granted** in part and **denied** in part: it is granted as to all evidence, testimony, and argument relating exclusively to emotional distress or any claim on which summary judgment has been granted; it is denied as to plaintiff's exhibit 5, with the limitations outlined above.

**DATED** this 18th day of August, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT